BROWNE, C. J., AND WHITFIELD, ELLIS AND WEST, J. J., concur.

---

WILL BROWN AND VIRGIL CROFT, *Plaintiffs in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed November 29, 1920.

Petition for Rehearing Denied December 11, 1920.

1.  The granting or overruling of a motion for a bill of partic-

ulars made by defendant in a criminal case rests largely in the discretion of the trial court.

2.   There is no abuse of discretion in denying a motion for a bill of particulars made by defendant in a criminal case in the absence of any showing that a bill of particulars was necessary in the proper administration of justice in such case.

3.   Where a defendant in a criminal prosecution testifies as a witness in his own behalf, the State has the right on cross-examination to interrogate him as to whether he has previously been convicted of a criminal offense.

4.   It is not reversible error for the trial court to overrule objections to argument of counsel to the jury because such argument is unsound or illogical.

A Writ of Error to the Circuit Court for Suwannee County; M. F. Horne, Judge.

Affirmed.

*W. P. Chavous,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *D. Stuart Gillis,* Assistant, for the State.

WEST, J.—Plaintiff in error Brown and two other persons were indicted in the first count of an indictment on the charge of breaking and entering a store building, the property of another, and plaintiff in error Croft was charged in the second count of the indicement with aiding and abetting the principals named in the first count in the commission of the alleged felony. There was a severance in the court below as to the two parties named

herein and upon trial they were found guilty as charged. Motion for a new trial was denied and sentence imposed upon each of them. From the judgment writ of error was taken.

An assignment of error was predicated upon the trial court's ruling denying defendant's motion for a bill of particulars.

The indictment is in the usual form in such cases. With the motion for a bill of particulars no attempt was made to show that defendants could not properly prepare their defense or safely proceed to trial without the information requested. It is a bare motion to require the State to furnish defendants with a bill of particulars showing the exact date of the alleged offense, the kinds of goods taken, the quantity of goods taken, the value of the goods taken, and the manner of the alleged breaking and entry of the building from which the goods were taken.

The granting or overruling of a motion of this kind rests largely in the discretion of the trial court, and it is clear that, in the absence of any showing that a bill of particulars was necessary in the proper administration of justice, there was no abuse of discretion in denying the motion in this case. Branch v. State, 76 Fla. 558, 80 South. Rep. 482; Brass v. State, 45 Fla. 1, 34 South. Rep. 307; Thalheim v. State, 38 Fla. 169, 20 South. Rep. 938; 45 Fla. 46.

On Cross examination one of the defendants was asked if he had ever been convicted of a criminal offense. The question was objected to upon the ground that it was irrelevant and immaterial, and the overruling of this objection is made the basis of an assignment of error. There is no merit in this assignment. The object of the

question was to obtain an admission affecting the credibility of the witness, and it was therefore material. This court has expressly held to the contrary of the contention made on this assignment.   In Squires v. State, 42 Fla. 251, 27 South. Rep. 864, the court said: "Where a defendant in a criminal prosecution testifies as a witness in his own behalf, the State has the right on cross examination to interrogate him as to whether he has previously been convicted of a criminal offense."   Wallace v. State, 41 Fla. 547, 26 South Rep. 713; Clinton et al v. State, 53 Fla. 98, 43 South. Rep. 312; Daly v. State, 67 Fla. 1, 64 South. Rep. 358.

The building charged to have been broken and entered is a store building and there is evidence in the record to the effect that certain shoes and other merchandise were taken from the store which was conducted in the building at the time.  Some of the articles, identified as a part of the stock of merchandise contained in the store, were recovered from defendants' possession and were before the jury at the trial.  In his argument to the jury the State Attorney used the following language: "Gentlemen, the very idea that these goods here has the cost mark and numbers thereon removed from them is proof that they were stolen."  The use of this language was objected to upon the ground that it was not based upon any evidence in the record and was intended to prejudice the jury against the defendants.  It does not appear to us that there is anything in the quoted sentence prejudicial to the defendants.  There is ample basis for it in the evidence and whether the conclusion sought to be deduced is sound was a question for the jury.  The conclusion asserted or inferred does not necessarily follow the statement of fact preceding it, but that was apparent to the

jury, as much as to the court, and error cannot be successfully predicated upon unsound argument of counsel.

There is sufficient evidence to support the verdict, and as no reversible error is made to appear, the judgment is affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.