Brown, J.
 

 (Dissenting) : The liberal doctrine as to.allowances of amendments to informations obtaining in many jurisdictions is not in my opinion applicable in all respect in this State, where by Statute the rules of pleading and practice relative to indictments obtain also as to informations. At least, no amendment to an information, unless consented to by the defendant, should be made without application to the court for leave to amend and notice to the defendant of such application, so that he may have an opportunity to be heard thereon. Suarez v. State, 115 So. R. 519, 95 Fla. 42. It is true that in this case, the amended information was resigned, resworn to and r'efiled, thus
 
 *1252
 
 amounting perhaps to the filing of a new information, which, in my opinion, at least entitled the defendant to a continuance. The defendant did made a motion for a continuance on this, and other grounds, after his motion to quash had been overruled. Both motions were overruled, and the ruling in. each instance assigned as error.
 

 When an information is once filed in court, it becomes a court document, and the solicitor has no right to take it and amend it without the court’s consent, and when he applies for such leave to amend, the defendant should be given notice. If the solicitor desires to withdraw the information and file a new information in the place of it, he should likewise apply for leave of the court.
 

 Even if the amendment made in this case would have been permissible if made with leave of the court, which I very much doubt, it being an amendment in substance and not in form, the defendant should not have been required to immediately go to trial under it. The motion for continuance at least should have been granted.