McGuire *v.* State, 35 Miss. R., 366.

### MISDEMEANOR.

The court has no power to amend an indictment as to matter of substance without the concurrence of the grand jury by whom it was found, though amendments as to mere informalities may be made by the court. 1 Chitty Cr. Law, 297.

In indictments for misdemeanors, if a demurrer be sustained to the defendant's plea in abatement, the judgment is *respondeat ouster.*

Error to La Fayette circuit court. Scruggs, J.

*J. F. Cushman,* for plaintiff in error,

Cited, Franklin v. Tallmadge, 5 Johns., 85; State v. Hughes, 1 Swann, 261; 2 Carter, 305.

*T. J. Wharton*, attorney general.

Handy, J.:

In this case the defendant below pleaded in abatement to the indictment, that the grand jury which found the bill was illegally organized, and that his name was *Michael* J. McGuire, and not *Mitchell* J. McGuire, as stated in the indictment. To the first ground of objection stated in the plea, the state replied, traversing the allegations; and as to the misnomer, moved the court to strike out the name of *Mitchell* and insert Michael in place of it, which motion was granted, and the indictment amended accordingly. The defendant demurred to the replication, and the demurrer was overruled; and thereupon he asked leave to plead *not guilty* to the indictment, which was refused, and judgment final was rendered against him.

The action of the court was manifestly erroneous in two respects.

1st. In permitting the indictment to be amended by striking out the name contained in it and inserting the name of the defendant. It is well settled that the court has no power to amend an indictment as to matter of substance without the concurrence of the grand jury by whom it was found, though amendments as to mere informalities may be made by the court.[1]  1 Chitty's Crim. Law, 297.

2d. It was error not to permit a plea to the merits after the demurrer was overruled. Although the judgment in an indictment for a misdemeanor, upon issue to the defendant's plea in abatement, or upon issue taken by him to the replication, and verdict against him, is final, yet if a demurrer to the plea be sustained, or his demurrer to the replication be overruled, the judgment is *respondeat ouster*.  3 Chitty's Crim. Law, 451.

The judgment must therefore be reversed, and for the first error the indictment is quashed.

[1] Archbold Cr. Pr. & Pl., 100, 401, *et seq.*; U. S. v. Kinman, 1 Baldwin, 292; Burr., 25, 27; 6 Mod., 268; 1 Sid., 244; 1 Keb., 252; 1 Hawk., c. 25, § 97; 1 Salk., 51; 1 Stark. Cr. Pl., 245; Cro. Jac., 502, 529; Keb., 900; 8 Coke, 310; 1 Lev., 189; 3 ib., 430; 3 Mod., 167; Cro. Car., 144; Palm., 480: 2 Strob., 843; 2 Ld. Raymond, 1518.