## ROBERT GARVIN VS. THE STATE.

52 207
f77 709

1. INDICTMENT: *Amendment.  Code of 1871, § 2794.*
   Where, in an indictment, the word "dollars" was omitted, it is competent for the grand jury, at the same term of the court at which the indictment was returned by them, to come into court and amend the indictment by inserting the word "dollars."

2. SAME: SAME: *Code of 1871, § 2799.*
   Where an indictment charges that property was stolen from "Sophia Roberts," and proof shows that the property was stolen from "Sophia J. Roberts," the court may permit the district attorney to amend by inserting the letter "J," without the intervention of the grand jury or the consent of the accused.

3. SAME: *Verdict.  Description of property.*
   Where the indictment charged the accused with stealing a "heifer," and the jury find him guilty and fix the value of the "cow" at $27.50, the verdict is sufficient.

4. SAME: *Description of the accused.*
   Where the indictment described the accused as a "colored person," that fact may be proved by ocular demonstration, and profert of the party is sufficient if it satisfies the jury of that fact.

ERROR to the Circuit Court of *Colfax* County.

Hon. J. A. ORR, Judge.

The facts in this case are sufficiently stated in the opinion of the court.

The assignment of error is substantially as follows:

1. The court erred in withdrawing the case from the jury.

2. In allowing the indictment amended.

3. In the action shown by 2d bill of exceptions.

4. Same set out in 3d bill of exceptions.

5. In forcing defendant to trial on amended indictment.

6. In not discharging defendant.

7. In the action set out in 4th bill of exceptions.

8. In permitting amendment after the close of the testimony.

9. In not arraigning defendant on the amended indictment.

10. In giving instructions for the state.

11. In refusing instructions for defendant.

12. In qualifying defendant's instructions.

13. Embraces the two last above.

14. In overruling motion for a new trial.

15. Same as 14.

16. Other errors apparent on the record.

17. For variance between the indictment and the verdict.

*Flaniken & Beckett*, for plaintiff in error:

The indictment was twice amended. It was error. See Code, 1871, §§ 2794, 2799, 2804, 2805 ; 44 Miss., 317 ; 42 ib., 642 ; 35 ib., 367 ; 49 ib., 8. Under an indictment for stealing a heifer, the verdict was for stealing a cow, and he was twice in jeopardy. 1 Bishop's Cr. L., 1044, 1045, 1061, 1047. The indictment as found did not state the value of the property. 49 Miss., 8. The jury were influenced by the amendment of the indictment of the grand jury. 4 How., 187. Accused was described as a colored person ; it should have been proved. 24 Miss., 569 ; 30 ib., 631.

*G. E. Harris*, Attorney General, for the State :

It was not error to amend the indictment. Code, 1871, § 2794. The second amendment was proper. See Code, 1871, § 2799. The grand jury could not amend the indictment except in open court. McGuire's case (35 Miss., 366) is not applicable ; it was tried under a different statute (1857). It was proper to amend on the trial. See Murrah's case (MSS. opinion) as to the variance between the indictment and the verdict. Cook's case, 49 Miss., 8. The indictment described the accused as a colored person. That was susceptible of proof by ocular demonstration, and no other mode of proof is required. If I am correct in these positions it is unnecessary to notice the instructions given and refused, as they involve only these questions.

CHALMERS, J., delivered the opinion of the court.

There is nothing in the objection that the indictment was amended by the grand jury, at the first term, by inserting the word "dollars" after the words "thirty-five." It is expressly authorized by Code, § 2794.

Nor is it perceived how the fact that the grand jury came into open court and made said amendment in the presence of the court and petit jury could have prejudiced the prisoner

with the latter, as is argued by counsel.   Neither is there any force in the position that the arraignment on the indictment, before amendment, constituted such a putting in jeopardy as to bar a prosecution after the amendment was made.

The prisoner was charged with having stolen the property of Sophia Roberts.   The proof developed the fact that it was the property of Sophia J. Roberts.   The court did not err in permitting the district attorney to make the necessary correction in the indictment without the intervention of the grand jury or the consent of the accused.   The power is given in § 2799 of the Code.

There was no statute similar to this at the time McGuire's case (35 Miss., 366), relied on by counsel, originated.   The indictment charges the prisoner with the larceny of a " heifer " of the value of $35.   The verdict fixes the value of the " cow " stolen at $27.50.   There was no variance in this.   A heifer is defined to be a young cow.

No error is perceived in the charges.   By one of them the jury were instructed that inasmuch as the indictment described the defendant as being a colored person he must be shown to be such by proof, but that actual profert of him before them was sufficient if they were satisfied, from their inspection, that he was colored.   It is urged that this was erroneous, because it is said that the jury can know nothing except by the testimony of witnesses.   This is not true as to physical facts, which may be brought to their attention by ocular demonstration. It would not be necessary to prove by other testimony than profert of the party that he was " a person," or a " man," if ·so described in the indictment.

Under certain circumstances jurors may use their eyes as well as their ears.   In criminal cases a jury may form their opinion as to the genuineness of a document, alleged to be forged, by a comparison of it with other writings admitted or proven to be genuine.   Roscoe's Cr. Ev. (7th ed.), 4.

Let the judgment be affirmed.