LOUIS FEKANY v. STATE.

149 So. 590.

Division B.

Opinion Filed August 2, 1933.

*Jones & Jones* and *J. W. Murray,* for Plaintiff in Error;
*Cary D. Landis,* Attorney General, and *Roy .Campbell,* Assistant, for the State.

BROWN, J.—In this case the defendant was arraigned on an information charging desertion and withholding support from his wife and children, a felony by statute, to which information he pleaded not guilty. When the case came on for trial it appeared that the Solicitor had amended the information by striking out all reference to the wife, without obtaining leave of the court so to do, and without re-swearing to the information as amended, and without a re-filing of the amended information. Nor was the defendant arraigned and given an opportunity to plead to the amended information, which amendment was a material one, not of form merely, but of substance. A motion to quash was promptly made by the counsel for the defendant when the case was called for trial and the motion overruled, to which defendant excepted.

As was called attention to in the case of Suarez v. State, 95 Fla. 42, 115 So. 519, the rather liberal doctrine as to allowance of amendments to informations obtaining in many other States, largely by reason of statutory provisions, is not recognized in this State, where by statute (Sections 8257 and 8366 C. G. L.) the rules of pleading and practice that obtain as to indictments obtain also as to informations. See in this connection 31 C. J. 823-825. Even where amendments to information are allowable, it has been held that it is within the discretion of the trial court whether it will permit an information to be amended, and that on

motion to amend the defendant is entitled to notice and an opportunity to be heard, and that an amendment made without this is erroneous. 31 C. J. 827-828.

Regardless of the reason for the error, the amendment made was as to a matter of substance, such as could not have been made in an indictment by a State Attorney, and the result was that the information upon which the defendant was tried was not the information upon which he had been arraigned and to which he had pleaded. If the defendant had not raised the question by motion to quash before going to trial, probably the objection would have been waived, but having raised the question promptly and seasonably we are inclined to the view that the motion to quash was well taken and that the court erred in denying the same.

Reversed and remanded.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.