STATE, *ex rel.* J. H. WENTWORTH, v. D. C. COLEMAN, as Sheriff of Dade County.

163 So. 316.

Opinion Filed September 25, 1935.

**14**

*H. D. Wentworth,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Ira A. Hutchison,* Assistant, for Defendant in Error.

DAVIS, J.—The plaintiff in error, J. H. Wentworth, sued out a writ of habeas corpus in the Circuit Court of Dade County, in which proceeding he advanced the contention that he should be discharged from custody in the instant case because it was shown that the sole cause for his detention by the respondent Sheriff was an arrest under a capias that had been issued on a criminal information filed charging him with embezzlement. Such information, so it was alleged, had become void and of no legal effect because of an alleged unlawful and unauthorized alteration made therein by the County Solicitor, after the same had been filed and capias thereon issued, no notice or hearing, nor order of court permitting same, having been applied for or had as a predicate for such alteration.

The Circuit Court remanded the prisoner, his motion for discharge to the contrary notwithstanding, so the case is here on writ of error to the judgment of remand.

It is shown by the record that on March 10, 1932, the County Solicitor of Dade County filed in the Criminal Court of Record of that county an information purporting to charge the plaintiff in error with the offense of embezzlement under Section 7247 C. G. L., 5146 R. G. S. In this information as filed, the Solicitor by mistake described an

element of the offense charged as having been done by one G. W. Wentworth, whereas J. H. Wentworth was intended to be named. The accused was arrested, gave bond and was thereupon furnished, as required by the statute (8377 C. G. L., 6072 R. G. S.) with a certified copy of the information filed against him. It was after all this had transpired that the County Solicitor undertook, by way of alteration of the information, to correct his error in the charging part of same by changing the name G. W. Wentworth, wherever it appeared therein, to read J. H. Wentworth.*

Under our statutes (Section 8366 C. G., 6061 R. G. S.) the rules of pleading and practice applicable to indictments by Grand Juries obtain as to information filed in the Criminal Courts of Record by County Solicitors. For this rea-

*The information as originally filed in the Criminal Court, and prior to its alteration, read as follows: "Fred Pine, County Solicitor, etc., under oath, information makes that J. H. Wentworth of the County of Dade and State of Florida, on the 1st day of March, 1931, * * * in the County and State aforesaid, did unlawfully embezzle and fraudulently convert to his own use certain money of one Bob Simpson, of whom he, the said *G. W. Wentworth,* was then and there the agent, clerk and servant, to-wit: ten thousand dollars, lawful money of the United States of America, of the property of the said Bob Simpson, a more particular description of which is to the County Solicitor unknown, which came into the possession of the said *G. W. Wentworth* and was then and there under his care by reason of his said employment as such agent, clerk and servant, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Florida. (Signed) Fred Pine, County Solicitor, Dade County, Florida." The Oath to the information was made before A. D. Killian, Deputy Clerk of the Criminal Court of Record of Dade County, who attested the same under date of March 10, 1932. The alteration in the name "G. W. Wentworth" was made by interlining above the "G. W." the initials "J. H." in the two places which have been underscored in the information as above quoted.

son it has been held by this Court that the liberal rule permitting amendments to be made to informations already on file in the criminal courts (except under circumstances amounting to a refiling of the same) does not obtain in Florida. See: Suarez v. State, 95 Fla. 42, 115 Sou. Rep. 519; Fekany v. State, 111 Fla. 598, 149 Sou. Rep. 590.

Respectable authority is to the effect that where an indictment has been returned and filed under oath of the Grand Jury as an accusatory body, that the subsequent unauthorized striking out from the indictment of certain words that appeared therein at the time of its filing by the Grand Jury, arrests the power of the Court to thereafter proceed to try the prisoner on such indictment, the act of unauthorized alteration of the indictment being held the equivalent of a legal dismissal or *nolle prosequi* operating as a vitiation of same by the prosecuting officer whose alteration of the Grand Jury's act was thus attempted. *Ex parte Bain*, 121 U. S. 1, 30 L. Ed. 849; 7 U. S. Sup. Ct. Rep. 781; Dodge v. United States, 258 Fed. 300. In McGuire v. State, 35 Miss. 366, 72 Am. Dec. 124, it was held that an indictment was quashable for such an unauthorized amendment.

So the rule is, in cases of this kind, that while the unauthorized alteration of an indictment or information by the act of the prosecuting officer in undertaking to amend it after it is filed, and without lawful authority so to do, may be attacked in the court in which the indictment is pending, either by motion to quash supported by proof of the defect, or by a plea in abatement challenging the verity of the indictment or information as the one originally returned or filed, it may also be attacked by habeas corpus proceedings, because the unauthorized act of alteration operates to arrest the power of the trial court to proceed to trial on

such indictment or information, and consequently entitles the defendant to seek his release from custody under it when such indictment or information is the sole and only alleged cause for his detention in custody. See *Ex Parte* Bain, *supra*.

In this case the proceedings before the Circuit Court fully established the alleged unlawful alteration complained of, and, indeed, the same has in no wise been refuted either before this Court or the Circuit Court, by any appropriate denial of defendant's claim that such alteration was made.

It follows that the judgment of the Circuit Court should have been that the prisoner be discharged from custody under the capias on which he was held, and such will be the judgment of this Court on this writ of error.

Judgment for plaintiff in error in appellate court.

WHITFIELD, C. J., and TERRELL, BROWN and BUFORD, J. J., concur.

