251 So.2d 683 (1971)
Isaac Brown LAWSON et al., Appellants,
v.
The STATE of Florida, Appellee.
No. 71-189.
District Court of Appeal of Florida, Third District.
June 22, 1971.
Phillip A. Hubbart, Public Defender, and Alan S. Becker, Asst. Public Defender, for appellants.
*684 Robert L. Shevin, Atty. Gen., and Joel Rosenblatt, Asst. Atty. Gen., for appellee.
Before PEARSON, C.J., BARKDULL, J., and SACK, MARTIN, Associate Judge.
BARKDULL, Judge.
The appellants were originally informed against for the crime of carrying a concealed weapon. This would be a violation of § 790.01(1), Fla. Stat., F.S.A. [a misdemeanor]. They pleaded not guilty and waived jury trial. After the trial proceedings had commenced,[1] the State moved to amend the information over objection of defense counsel, by changing "weapon" to "firearm", which would be a violation of § 790.01(2) Fla. Stat., F.S.A. [a felony]. The court permitted the amendment; the cause proceeded; the appellants were convicted and given the maximum sentence provided for in § 790.01(2), Fla. Stat., F.S.A. This appeal ensued.
The appellants have preserved for review the alleged error in the permitting of the amendment, raising the crime from a misdemeanor to a felony, and the sufficiency of the evidence to sustain the three convictions.
We find merit in the error alleged in permitting the amendment after the parties had announced ready, because the impact of the amendment was to substantially alter the offense and possible penalty to which the defendants were being subjected in the trial court. The amendment being one of substance, the information should have been re-filed with a new arraignment for the defendants, etc. See: Suarez v. State, 95 Fla. 42, 115 So. 519; Fekany v. State, 111 Fla. 598, 149 So. 590; State ex rel. Wentworth v. Coleman, 121 Fla. 13, 163 So. 316; Alvarez v. State, 157 Fla. 254, 25 So.2d 661; compare Johnson v. State, Fla.App. 1966, 190 So.2d 811. Therefore, we find that the trial judge committed error in permitting the amendment and requiring the defendants to go forward immediately with the trial.
As to the sufficiency of the evidence, reviewing the record and the reasonable inferences therefrom it appears that at the time the vehicle in which the three defendants were riding was stopped [as a result of an alleged violation of a traffic regulation] the apprehending officer saw the driver [Lawson] place something under the front seat and subsequently other officers who arrived at the scene saw Beasley [who was in the back seat] bend over and place something at his feet. Subsequent search of the vehicle disclosed a concealed firearm under the driver's seat and also in the back seat in a pillow case at the feet of Beasley. We find this was sufficient evidence to sustain the convictions as to these two appellants, but find insufficient evidence to sustain the conviction of the appellant, Canady, who was a passenger on the right side in the front seat, and there was no evidence that he knew that either firearm was in the vehicle or that he had possession or control of the automobile. See: Stephens v. State, Fla. App. 1969, 226 So.2d 361.
Therefore, for the reasons above stated, the judgment of conviction as to the appellant, Canady, be and the same is hereby reversed with directions to discharge him from the cause; and as to the remaining appellants, Lawson and Beasley, the judgments of convictions and sentences here under review be and the same are hereby reversed and set aside because of the error found in permitting the amendment of the information, and these appellants are remanded to the Criminal Court of Record in and for Dade County, Florida, for further proceedings.
Reversed and remanded, with directions.
NOTES
[1] The case had been called and the State and defense had announced ready, but no witness had been sworn nor other evidence received.