376 So.2d 429 (1979)
Patrick Lee TURNER, Appellant,
v.
STATE of Florida, Appellee.
No. MM-483.
District Court of Appeal of Florida, First District.
October 25, 1979.
Dennis A. Barbarisi, Fort Walton Beach, for appellant.
Jim Smith, Atty. Gen., and Miguel A. Olivella, Jr., Asst. Atty. Gen., for appellee.
*430 PER CURIAM.
Mr. Turner was convicted of receiving stolen property of a value in excess of $100. Over his objections, the trial court, on the morning of trial, allowed the state to amend the information to add a television set and to change the date of the crime from 9/13/76 to 8/7/76 through 9/13/76. Defendant's motion for a continuance was denied and the case proceeded to trial. Mr. Turner argues the amendments were substantial changes which prejudiced his right to a fair trial. We agree and reverse.
Mr. Turner was originally charged with a felony count of receiving stolen property based on evidence found pursuant to the execution of a search warrant on 9/13/76. The charge was reduced to a misdemeanor after a motion to suppress was granted since the remaining items of property did not have an aggregate value of $100 or more. The amendment, adding the television set, increased the aggregate value of the property so that it did exceed $100.
In pertinent part, Section 812.031 Florida Statutes (1976 Supp.) provides:
(1) Whoever intentionally receives . . any stolen property ... commits an offense.
(2) If the property received is:
(a) of the value of $100 or more; * * * the offender shall be deemed guilty of a felony of the third degree,
.....
(3) If the property received is not described in subsection (2), the offender shall be deemed guilty of a misdemeanor of the second degree... .
It is clear, therefore, that the amendment changed the crime charged from a misdemeanor to a felony, thereby increasing the penalty to which defendant could be subjected. This is a change of substance, and on the record here, cannot be deemed harmless due to its serious potential for surprise and for denying a fair trial to the defendant. Wilcox v. State, 248 So.2d 692 (Fla.1st DCA 1971), Pedon v. State, 341 So.2d 532 (Fla.3d DCA 1977).
In Lawson v. State, 251 So.2d 683 (Fla.3d DCA 1971) the appellants were charged with carrying a concealed weapon. After the trial had commenced, the state was allowed to amend the information over objection, changing "weapon" to "firearm". This was found to be error as a substantial alteration of the offense and the penalty.
We find the instant case to be indistinguishable from Lawson, supra. In Lawson the case had been called and the parties announced ready whereas in the instant case, the jury had not yet been sworn. However, we do not find this to be a controlling difference since the underlying issue is the question of prejudice.
We further find that the amendment of the date of the crime was substantial and prejudicial. It expanded the time period during which the defendant allegedly received the stolen property, thereby giving the state an advantage in proving its case. State v. Beamon, 298 So.2d 376 (Fla. 1974).
We hold the amendments, coming as they did on the morning of the trial, were changes of substance and not form and had the effect of prejudicing the defendant's right to a fair trial.
REVERSED AND REMANDED for a new trial.
MILLS, C.J., McCORD and ERVIN, JJ., concur.