JOANOS, Judge.
In this appeal from a judgment and sentence entered upon a conviction for grand larceny, appellant argues that the trial court erred in denying his motion to disqualify the trial judge and that the trial court did not have subject matter jurisdiction. We disagree and affirm.
We agree with the trial court’s ruling that the motion to disqualify the trial judge was legally insufficient. First of all, the motion was technically deficient in that there was no certificate of counsel that the motion was made in good faith. Rule 3.230(b), Fla.R.Crim.P. Secondly, the facts set out in the motion and affidavits are insufficient to establish prejudice on the part of the judge against appellant. The documents stated that the trial judge had presided over two previous trials in which appellant had been the defendant and had in each case received verdicts of not guilty, and that the trial judge had shown anger and displeasure toward the appellant earlier that day when the appellant was held in direct criminal contempt because of appellant’s appearance in court. For a trial judge to indicate anger and displeasure in a direct criminal contempt proceeding in which the defendant was found guilty does not in and of itself indicate that the trial judge is prejudiced against the defendant. The record in this case reflects that if the trial judge was angry and displeased prior to trial, it was caused by the defendant’s conduct. Further, there is nothing in the record to reflect any prejudice of the trial judge during the trial and later proceedings.
As to the second issue, the relevant facts are that the original information charging appellant with grand theft alleged sufficient facts as to value, but that immediately before trial the assistant state attorney amended the information with the intent of changing only the allegation of ownership. However, the amendment omitted any allegation as to the value of the items taken. It was entitled, “Grand Theft”, referred in the text to Section 812.014, Florida Statutes, and at the bottom referred to Section 812.014(2)(b)(l), the grand theft statutory provision, as the master criminal law number. The defendant waived the reading of the information and the case went immediately to trial. After the state rested its case, defense counsel urged as one of the grounds for the motion of judgment of acquittal that the information on which appellant had been tried alleged only petit larceny and that petit larceny was not within the jurisdiction of the circuit court. After extensive discussion and a recess to allow further research, the trial court allowed the state to reopen its case and amend the information to insert the allegation of value.
While we agree with appellant’s assertions that subject matter jurisdiction may be raised at any time and that jurisdictional defects are fatal, we decline to view the inadvertent and technical error presented by the narrow circumstances of this case as jurisdictional.
Where the record establishes that the defendant was properly charged with grand theft, an offense within the jurisdiction of the court, and the trial judge permitted the information to be amended immediately prior to trial without objection by defendant for the sole purpose of changing the allegation of ownership, we hold that the ministerial error committed by the state in failing to re-allege the value of the items taken was harmless error and did not deprive the trial court of jurisdiction. Further, the trial court did not abuse its discretion in permitting the state to reopen its case to cure the technical defect.
*1353 The circumstances here of allowing the amendment by the state are distinguishable from those present in Turner v. State, 376 So.2d 429 (Fla. 1st DCA 1979). In Turner, the defendant was originally charged with a felony count of receiving stolen property. After a motion to suppress was granted, the charge was reduced to a misdemeanor because of the aggregate value of the remaining items of property. Then, on the morning of trial the state was allowed to amend the information to add a television set and to change the date of the offense from one particular day to a time range of more than one month. Under those circumstances, this court ruled that the amendment was a change of substance and that it could not be deemed harmless “due to its serious potential for surprise and for denying a fair trial to the defendant.”
The facts here are significantly different, and lack any potential for surprise. Appellant was initially charged with a felony offense and was presumably prepared to go to trial for that offense. In the absence of any allegation or indication of prejudice to appellant, we find that the error here was harmless.
AFFIRMED.
THOMPSON, and WIGGINTON, JJ., concur.