## BORONAT, et al. v. STATE OF FLORIDA
### Case No. 82-208-AC
Eleventh Judicial Circuit, Appellate Division, Dade County
April 27, 1984

### APPEARANCES OF COUNSEL

**Lawrence Besser** for appellants.

**Jim Smith,** Attorney General, and **Marti A. Rothenberg,** Assistant Attorney General, for appellee.

Before SCOTT, KOGAN and SALMON, JJ.

### OPINION OF THE COURT

SCOTT, Judge.

On the afternoon of January 16th, 1982, the Appellants were protesting the deportation of a young Cuban stowaway in front of the Immigration and Naturalization Building in downtown Miami. A melee occurred between City of Miami Police Officers and certain of

the protestors, much of which was filmed by television cameras. As a result of this incident, the Appellants were tried and convicted by a Dade County Jury of various misdemeanors.

Appellants seek reversal based on two contentions: (1) the trial judge demonstrated prejudice; and, (2) there was insufficient evidence to convict the defendants.

Initially, Appellants argue that the trial judge erred in denying an oral motion to recuse himself from the sentencing of the defendants. The grounds for the motion were certain remarks made by the trial judge after the jury had returned its verdict and prior to the sentencing. The Appellants claim that the trial judge's remark could be reasonably interpreted as indicating a lack of impartiality toward the defendants due to their ethnic background, which is Latin.

The defendants' motion to disqualify was an oral motion. No affidavit or certificate of counsel was ever filed as required by Florida Rule of Criminal Procedure 3.230(b). Nor did the defendants request a continuance of the sentencing so that they could properly move for disqualification. Since the Appellants' motion fails to meet the requirements of the rule, it was properly denied. *Heiney v. State,* 9 FLW 54, 56 (Fla. Op. filed Feb. 2, 1984); *Jones v. State,* 9 FLW 47 (Fla. Op. filed Feb. 2, 1984); and, *Dempsey v. State,* 415 So.2d 1351, 1352 (Fla. 1st DCA 1982).

Even assuming arguendo, the defendants' oral motion met the requirements of rule 3.230(b), we conclude that the allegation of prejudice is totally unsupported by the record. To borrow from the language of a recent Supreme Court of Florida decision,

"We realize that the prejudice of a judge is a delicate question and that justice should be administered without fear of prejudice or impartiality. We recognize that the law requires that a defendant need only show that he has a well grounded fear that he will not receive a fair trial at the hands of the judge. In this circumstance, however, we find that the facts supporting the suggestion are not reasonably sufficient to create such a fear and, therefore, the motion was properly denied as insufficient." *Jones v. State,* 9 FLW 47 (Fla. Op. filed Feb. 10, 1984).

Even using this most stringent standard; cf., *State v. Dewell,* 179 So.2d 695, 697 (Fla. 1938), we have little hesitation in rejecting the Appellants' contentions.

Defendants further contend there was insufficient evidence to convict them. The question of whether the evidence fails to exclude all

144

reasonable hypotheses of innocence is for the jury to determine, and where there is substantial, competent evidence to support the jury verdict, we will not reverse a judgment based upon a verdict returned by the jury. *Rose v. State,* 425 So.2d 521 (Fla. 1982), cert. denied, 103 S.Ct. 1883 (1983). In the present case, our review of the record convinces us that there was ample evidence to support the verdicts. We hold that the trial court properly denied appellants motion for judgment of acquittal. *Tibbs v. State,* 397 So.2d 1120 (Fla. 1981); and see *Peavy v. State,* 442 So.2d 200 (Fla. 1983) (jury could reasonably have believed circumstantial evidence presented by the state rather than the defendants' testimony.)

Accordingly, we affirm the judgment and sentence.

AFFIRMED.