487 So.2d 57 (1986)
Charles Herman ROGERS, Jr., Appellant,
v.
The STATE of Florida, Appellee.
Nos. 83-2441, 83-2740.
District Court of Appeal of Florida, Third District.
April 1, 1986.
Rehearing Denied May 8, 1986.
Bennett H. Brummer, Public Defender and Thomas G. Murray, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Randi Klayman Lazarus, Asst. Atty. Gen., for appellee.
Before BARKDULL, HENDRY and FERGUSON, JJ.
PER CURIAM.
From the record we find that the defendant herein had dealings with the Small Business Administration, hereafter called the SBA, as far back as the early 1970s when he was debarred from representing clients before the SBA in Chicago. In October, 1981, the defendant had contact in Miami (where he was then residing) with a representative of United States Senator Hawkins regarding a possible appointment to the Small Business Advisory Council. To facilitate that appointment, the defendant *58 mailed a resume to the Senator's office in Winter Haven, Florida. The Senator's recommendation for appointment along with the defendant's resume were forwarded to the Miami office of the SBA which in turn forwarded the materials to the Washington D.C. office of the SBA. The Washington office in turn sent the defendant a standard form to be filled out by all persons wishing to be on the SBA Advisory Council which requested, among other information, any previous association with the SBA. The defendant filled out this form and mailed it to the SBA in Washington. The defendant was appointed to the SBA Advisory Council in July, 1982. The defendant formed Charles Rogers, Jr. and Associates, Inc. and proceeded to represent clients before the SBA under the guise of the corporate entity, even though he was aware that he was not allowed to do so in person or through persons associated with him. He informed prospective clients they would have no difficulty obtaining loans because of his membership on the SBA Advisory Council, that he was a certified public accountant and would prepare all the necessary documents for obtaining the loans and that he was also a lawyer. He misinformed clients as to the maximum amount they could borrow from the SBA. He did not, in many instances, file the proper documents with the SBA on behalf of his clients and on other occasions told clients their loans had been approved by the SBA, when in fact they had not been, all to the detriment of his clients. Complaints about the defendant's actions resulted in an investigation by the SBA which, among other things, brought to light the defendant's 1972 debarment and the fact that he had falsified his educational background in his original resume and had failed to list his previous involvement with the SBA on the form he had sent to Washington.
The defendant was arrested and charged with, among other things, violation of the state R.I.C.O. statute, filing false statements relating to workmen's compensation, unauthorized practice of law, unauthorized practice of accountancy, and grand theft in the third degree of obtaining money by false pretenses or fraud. A jury found the defendant guilty on all charges except the charge of theft from the SBA on which the trial court had previously entered a judgment of acquittal. During the course of the trial proceedings he moved to recuse the trial judge and was convicted of direct criminal contempt. Following the trial court proceedings these appeals ensued.
The defendant argues that his conviction under the Florida R.I.C.O. Statute, Ch. 895, Fla. Stat. (1981) must be reversed because it is based upon an alleged violation of the federal mail fraud statute, the enforcement of which is already preempted by the federal government. We disagree. The Florida R.I.C.O. act forbids racketeering, not the federal crime of mail fraud per se. Racketeering is the crime and the federal offenses referred to in Section 895.02(1)(b), Fla. Stat. (1981) are definitional only. The Florida R.I.C.O. statute merely uses the federal offense to make up the complete state charge. United States v. Licavoli, 725 F.2d 1040 (6th Cir.1984); United States v. Frumento, 563 F.2d 1083 (3d Cir.1977). Therefore, enforcement of the state statute does not impair the constitutional supremacy of federal law and the conviction of violations of the Florida R.I.C.O. statute is hereby affirmed. We find sufficient evidence to support the convictions for filing false workmen's compensation returns and affirm these convictions. The record indicates that the defendant was a graduate of an unaccredited law school; it indicates that he identified himself as a lawyer. He did not hold himself out as authorized to practice in Florida, nor did it indicate that he, in fact, did practice in Florida. Therefore, we think the state failed in meeting its burden of proof of unauthorized practice of law and reverse this conviction. As to the unauthorized practice of accountancy, we find that the defendant did hold himself out as an accountant or CPA, when in fact he was not, and in fact did practice accountancy in the state without being duly authorized and therefore we sustain this conviction. *59 There is no doubt from this record in its entirety, that the defendant did set up a scheme or plan to defraud persons by holding himself out as a person with superior ability to secure SBA loans, that he did so to more than 10 persons and that he received consideration from one or more of his clients (or victims) which constitutes a third degree felony under Section 817.035(2), Fla. Stat. (1981), and therefore we sustain the convictions of these counts.
We find no merit in the error urged in the denial of the motion for recusal. Wilson v. Renfroe, 91 So.2d 857 (Fla. 1956); Dempsey v. State, 415 So.2d 1351 (Fla. 1st DCA 1982); Foley v. Peckham, 256 So.2d 65 (Fla. 3d DCA 1971). We also find no error in the adjudication of contempt. Anderson v. State, 463 So.2d 1224 (Fla. 3d DCA 1985); Applestein v. Simons, 454 So.2d 33 (Fla. 3d DCA 1984); Ward v. State, 354 So.2d 438 (Fla. 3d DCA 1978).
Therefore, for the reasons above stated, the conviction for violation of the unauthorized practice of law be and is hereby reversed with directions to discharge the defendant in that matter. The remaining convictions and adjudication of contempt be and they are hereby affirmed.
Affirmed in part and reversed in part, with directions.