SORONDO, J.
Alberto Mendez, defendant, appeals his conviction for armed robbery while wearing a mask. He was originally charged by information alleging armed robbery and possession of a firearm by a minor. Immediately prior to jury selection, the state moved to amend the information by adding that during the course of the robbery, the defendant “wore a mask.” In response to the state’s motion, defense counsel recorded his general objection to the amendment at such a late date. The trial court granted the state’s motion to amend the robbery count, and the state announced a nolle prosse as to the second count.
At trial, the defendant admitted that he committed the robbery but insisted that he did not use a firearm and that he did not wear a mask. The jury returned a verdict of guilty of armed robbery while wearing a mask. The trial court sentenced the defendant to a four-year prison term as a youthful offender followed by a two-year term of community control.
The defendant argues that by amending the information on the day of trial to add an allegation that he wore a mask while committing the offense, the state charged him with a reclassified offense which subjected him to increased penalties pursuant to section 775.0845, Florida Statutes (1997). This he says, is contrary to the holdings of Hahn v. State, 626 So.2d 1056 (Fla. 4th DCA 1993), Turner v. State, 376 So.2d 429 (Fla. 1st DCA 1979), and Lawson v. State, 251 So.2d 683 (Fla. 3d DCA 1971).
In addressing this issue, we begin by noting that the defendant was charged with armed robbery, a first degree felony punishable by a maximum of life imprisonment. See § 812.13(2)(a), Fla. Stat. (1997). Section 775.0845 reads, in pertinent parts, as follows:
The felony or misdemeanor degree of any criminal offense, other than a violation of §§ 876.12 — 876.15, shall be reclassified to the next higher degree as provided in this section if, while committing the offense, the offender was wearing a hood, mask, or other device that concealed his or her identity.
(1)(a) In the case of a misdemeanor of the second degree, the offense is reclassified to a misdemeanor of the first degree.
(b) In the case of a misdemeanor of the first degree, the offense is reclassified to a felony of the third degree ...
(2)(a) In the case of a felony of the third degree, the offense is reclassified to a felony of the second degree.
*1034 (b) In the case of a felony of the second degree, the offense is reclassified to a felony of the first degree.
(Emphasis added). As is apparent, the statute does not reclassify first degree felonies or first degree felonies punishable by life imprisonment. Because the charge of armed robbery is not reclassified by section 775.0845, the defendant’s argument is completely unfounded.
Additionally, we note that although defense counsel recorded a general objection to the amendment, he did not explain to the trial judge the nature of the objection or what prejudice might flow from the amendment. “The specific legal ground upon which a claim is based must be presented to the trial court, in order to preserve an issue for appeal.” Bertolotti v. State, 565 So.2d 1343, 1345 (Fla.1990).
Affirmed.