PIERCE, Justice,
for the Court:
¶ 1. Lessadolla Sowers was convicted in the Tunica County Circuit Court of ten counts of voter fraud as a habitual offender. She was sentenced to five years in the custody of the Mississippi Department of Corrections for each count, with each sentence ordered to run concurrently with the others. Sowers appeals, arguing that the State presented insufficient evidence at trial to sustain the jury’s verdicts of guilt on the ten counts of voter fraud and her habitual-offender status. Finding otherwise, we affirm Sowers’s convictions and her sentence as a habitual offender.
FACTS
¶ 2. On the evening of the August 7, 2007, primary election, Mississippi Bureau of Investigations (MBI) officers, armed with a search warrant, seized the ballot boxes at the Tunica County Courthouse. Prior to the seizure, a preliminary investigation had revealed possible fraudulent voting activity pertaining to the casting of absentee ballots.
¶ 3. Upon further investigation, investigators determined that a significant number of requested absentee ballots had been mailed to Post Office Box 772 in Tunica. They determined that Sowers had rented Box 772. Sowers subsequently gave a voluntary statement admitting that she and Robert Bullins were the holders of Post Office Box 772. Sowers claimed she had rented the box for a group called Women In Self Help “for the purpose of the upcoming Democratic election for President in 2008.” Sowers also admitted taking requests for absentee ballots to the Tunica County Circuit Clerk’s Office. Sowers claimed she had never picked up any mail from Post Office Box 772. Bullins, however, advised authorities that he had picked up the mail from Post Office Box 772 and had delivered it to Sowers.
¶ 4. Authorities conducted a consensual search of Sowers’s home. During the search, they discovered a two-inch stack of papers which contained voter registration information, including whether the registrant was active or inactive.
¶ 5. MBI crime-scene analyst Dywana Broughton was tasked with opening the sealed ballot boxes and pulling all absentee ballots listing a Tunica address of Post Office Box 772. A total of seventeen absentee ballots with that address were collected and taken to Scales Biological Lab for DNA testing.
¶ 6. Sowers was later indicted as a habitual offender for thirty counts of voter fraud and one count of fraudulent use of identity. At trial, eight Tunica County residents whose names appeared on applications for absentee ballots and/or absentee ballots cast for the August 7 primary election, which listed Post Office Box 772, testified that they did not sign the applications or absentee ballots containing their names. And each testified that he or she did not use Post Office Box 772 to receive *1158 his or her mail. The State also presented certified copies of death certificates for three individuals who purportedly voted via absentee ballot in the August 7 primary election, even though they were deceased prior to the election.[1]
¶ 7. MBI investigator Alan Thompson testified that, during his investigation, Sowers voluntarily provided a handwritten statement and a handwriting sample, which were taken in Thompson’s presence. Both writings were submitted into evidence at trial with no objection from Sowers. Thompson also testified that Sowers voluntarily consented to produce a DNA buccal sample, which was collected from swabbing Sowers’s mouth and then taken to Scales Biological Lab for testing.
¶ 8. Dr. Roy Scales, owner of Scales Biological Lab, testified that he conducted a DNA analysis on saliva he retrieved from the inner seal located on each absentee ballot and/or application envelope delivered by investigators and compared the results with the buccal sample obtained from Sowers. Dr. Scales testified that Sowers’s DNA was found on the inner seal of five of the envelopes.
¶ 9. At the close of the State’s case-in-chief, the trial court granted Sowers’s motion for a directed verdict on twenty counts of voter fraud and one count of fraudulent use of identity. The trial court permitted the remaining ten counts to be submitted to the jury. The jury found Sowers guilty of ten counts of voter fraud.
¶ 10. At the sentencing hearing, evidence was submitted that Sowers had been convicted twice previously of uttering a forgery. Accordingly, Sowers was sentenced as a habitual offender under Mississippi Code Section 99-19-81.
DISCUSSION
I. Whether sufficient evidence was adduced at trial to sustain the jury’s verdicts of guilt on ten counts of voter fraud.
¶ 11. Sowers argues that, although the State proved that the absentee ballots or applications for absentee ballots in question contained signatures not made by the named voters, the State failed to prove that she penned the signatures on these documents. Sowers contends that the State offered no expert opinion at trial as to the handwriting exemplars obtained from her by investigators; thus, the jury was allowed to speculate on whether she had forged the signatures.
¶ 12. In deciding whether the State presented legally sufficient evidence to support a jury’s verdict, this Court must determine whether, when viewing the evidence in the light most favorable to the State, any rational juror could have found that the State had proved each element of the crime charged beyond a reasonable doubt. Bush v. State, 895 So.2d 836, 843 (Miss.2005). Under this inquiry, all evidence supporting the guilty verdict is accepted as true, and the State must be given the benefit of all reasonable inferences that can be drawn from the evidence. McClain v. State, 625 So.2d 774, 778 (Miss.1993).
¶ 13. To willfully and falsely sign an absentee ballot, or an application for one, is a crime under Mississippi Code Section 23-15-753. See Miss.Code Ann § 23-15-753 (Rev.2007). Sowers contends that only a handwriting expert can provide competent evidence that the person charged did, *1159 in fact, sign the instrument. Not so, as this Court previously has held.
¶ 14. In Saik v. State, 387 So.2d 751, 754 (Miss.1980), a prescription-forgery case, this Court held that the trier of fact may compare a handwriting sample with a disputed writing to determine whether the forged signature was penned by the defendant. There, the State presented a recognizance bond and an application for driver’s license signed by the defendant for the jury to compare with the signature on the forged prescription. Id. In finding that the handwriting samples were properly admitted into evidence, the Saik Court stated, “[w]e conclude that writings shown to be genuine are admissible in evidence for the purpose of comparison with a disputed writing, either by witnesses on the stand or by the jury, without the intervention of witnesses.” Id. (quoting Harrison v. Eagle Lumber & Supply Co., 152 Miss. 466, 119 So. 203, 205 (1928)); see also Garvin v. State, 52 Miss. 207 (1876) (“In criminal cases a jury may form their opinion as to the genuineness of a document, alleged to be forged, by a comparison of it with other writings admitted or proven to be genuine.”).
¶ 15. Here, the handwriting exemplars were admitted into evidence without objection. In keeping with Saik, we find that the jury was allowed to compare these writings with the disputed writing. Further, we find that the State also presented other evidence from which the jury reasonably could infer guilt. As mentioned, eight Tunica County residents whose names appeared on cast absentee ballots testified that they had neither applied for absentee ballots nor signed either the applications or the ballots in question. The evidence showed that Sowers requested the ballots in question, and her address was associated with the absentee ballots. Sowers also applied for applications and ballots for three deceased registered voters. Further, Sowers’s DNA was found on the inner seal of five envelopes containing the forged applications and/or ballots pertaining to five of the ten counts.
¶ 16. Viewing the evidence in the light most favorable to the State, any rational juror could have found that the State had proved each element of the crimes charged beyond a reasonable doubt. Accordingly, we affirm Sowers’s convictions on all ten counts of voter fraud.
II. Whether the State presented legally sufficient evidence of Sowers’s habitual-offender statute pursuant to Mississippi Code Section 99-19-81.
¶ 17. Sowers claims that the State failed to meet its burden of proof of Sowers’s prior felony convictions of uttering a forgery because the State failed to prove that she was the person convicted of those prior charges. Sowers submits that the documents admitted into evidence as proof of two prior convictions are in the name of Leslie, not Lessadolla, and contain a different social security number than the one she provided to investigators in the current case for her waiver of rights form. In addition, Sowers points out that the date of birth listed on her waiver of rights form in this case is February 18, 1946; but, the commitment papers for her prior felony convictions list her date of birth as February 18,1943.
¶ 18. The circuit judge serves as fact-finder in determining whether the habitual-offender part of the indictment is established by the requisite degree of proof. Seely v. State, 451 So.2d 213, 215 (Miss.1984). The State has the same burden of proof as to the habitual-offender portion of the indictment as it has on the principal charge. Id.
*1160 ¶ 19. According to the record, the State submitted into evidence Sowers’s indictments (cause numbers 2585 and 2586), sentencing orders, and commitment papers for two prior felonies. Those documents name Leslie Sowers, date of birth February 18, 1948. At the sentencing hearing, Sowers’s attorney objected to the admission of these documents, based on the fact that they listed the name Leslie Sowers. The trial court overruled the objection, finding that Sowers’s indictment in the present case lists her name, Lessadolla Sowers, as well as three of her aliases: Lessa Doha Sowers, Leslie Sowers, and Doll. The record does not indicate that Sowers ever claimed her indictment listed her name incorrectly. The trial court heard testimony from Sharon Reynolds, Circuit Clerk of Tunica County, who testified that she had known Sowers since at least 1988, and knew Sowers to go by the name Lessadolla Sowers, Leslie Sowers, and Quincey Cook. Reynolds testified that Sowers was the individual identified as Leslie Sowers in cause numbers 2585 and 2586.
¶ 20. We find that Reynolds’s testimony was sufficient to support the identification of Sowers as the person convicted of the two prior felonies claimed by the State. This issue is without merit.
CONCLUSION
¶ 21. For the foregoing reasons, we affirm Sowers’s conviction and sentence.
¶ 22. COUNTS I, HI, IV, VI, VII, X, XII, XIII, XX AND XXIII: CONVICTION OF VOTER FRAUD AND SENTENCE OF FIVE (5) YEARS ON EACH COUNT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. SENTENCES SHALL NOT BE REDUCED OR SUSPENDED NOR SHALL APPELLANT BE ELIGIBLE FOR PAROLE OR PROBATION DURING THE TERM OF SUCH SENTENCES. SENTENCES SHALL RUN CONCURRENTLY WITH ONE ANOTHER. SENTENCES IMPOSED HEREIN SHALL RUN CONSECUTIVELY TO ANY AND ALL SENTENCES PREVIOUSLY IMPOSED. APPELLANT SHALL PAY ALL COURT COSTS.
WALLER, C.J., CARLSON AND DICKINSON, P.JJ., RANDOLPH, LAMAR, KITCHENS, CHANDLER AND KING, JJ., CONCUR.

. James Young, deceased November 21, 2004; David Ross, deceased December 6, 2004; and Dorothy Harris, deceased June 9, 2007.